EXHIBIT A

Electronically Submitted
10/23/2018 8:22 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CAUSE NO. CL-18-6229-D

| | | |
|---|---|---|
| ROY PADILLA | § | IN THE COUNTY COURT |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| DONNA I.S.D. | § | HIDALGO COUNTY TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY REQUESTS & JURY DEMAND

NOW COMES, **ROY PADILLA,** Plaintiff herein, and files this, his Original Complaint and, and would show unto the court as follows:

### INTRODUCTION

Former Donna ISD Chief of Police Roy Padilla brings suit against Donna ISD for money damages under Title VII and the Age Discrimination in Employment Act. Chief Padilla's termination was motivated by unlawful race, national origin and age discrimination.

### Section 1

### Parties

**1.01** Plaintiff, **ROY PADILLA,** (hereinafter referred to as "Plaintiff") is a resident of Donna, Hidalgo County, Texas.

**1.02** Defendant, **DONNA I.S.D.** (hereinafter referred to as "Donna" or "Defendant" or "Employer") can be served with citation at the following address:

> Superintendent Dr. Hafedh Azaiez
> 116 N. 10th Street
> Donna, Texas 78537

Electronically Submitted
10/23/2018 8:22 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6229-D

## Section 2

## Jurisdiction & Venue

**2.01**   State courts have concurrent jurisdiction over federal claims, including those where Plaintiff alleges civil rights and ADEA violaions. See 42 U.S.C. 1983; See also. 29 U.S.C. 626 (c)1).

**2.02**   The incident made the basis of this lawsuit occurred in Donna, Hidalgo County, Texas.  As such, venue is proper in the county courts at law of Hidalgo County.

**2.03**   Plaintiff seeks to recover all of his damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact.  In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that he anticipates at this time that the amount of damages he will request the jury to assess at trial will be more than $200,000.00 but not more than $1 million.

## Section 3

## Exhaustion of Administrative Remedies

**3.01**   Plaintiff timely filed a perfected Charge of Discrimination with the EEOC on March 14, 2018.  See **Exhibit "A"** attached hereto.

**3.02**   On or about July 30, 2018, Plaintiff received the Dismissal and Notice of Rights from the EEOC.  See **Exhibit "B"** attached hereto.

Electronically Submitted
10/23/2018 8:22 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6229-D

## Section 4

## Facts

4.01   Chief Roy Padilla ("Chief Padilla") suffered an adverse employment action when he was terminated by Defendant on June 22, 2017.

4.02   Chief Padilla was part of a protected class.

4.03   Chief Padilla is of Mexican-American descent.

4.04   Chief Padilla was over age 40 at the time he was terminated by Defendant.

4.05   Chief Padilla was age 56 at the time of his termination.

4.06   Chief Padilla was qualified to serve as Donna ISD Chief of Police.

4.07   Chief Padilla previously served as Donna I.S.D Chief of Police.   He was terminated in May 2014.

4.08   Chief Padilla was rehired as Chief of Police in December 2014.

4.09   Chief Padilla was again terminated on June 22, 2017.

4.10   Chief Padilla was replaced by Daniel Walden.

4.11   Daniel Walden is white.

4.12   Daniel Walden is in his 40s.

4.13   Daniel Walden is at least 6 years younger than Plaintiff.

4.14   Pleading in the alternative, Daniel Walden is between 6 and 7 years younger than Chief Padilla.

4.15   Pleading in the alternative, Daniel Walden is 7 years younger than Plaintiff.

4.16   Plaintiff met his prima facie cases under Title VII and the ADEA.

4.17   Chief Padilla was terminated for allegedly conducting "illegal" integrity checks on employees.

---

Electronically Submitted
10/23/2018 8:22 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6229-D

4.18    Daniel Walden, was employed by Donna ISD as Supervisor of the Donna ISD Communications Department at the time of the "illegal" integrity checks.

4.19    Daniel Walden as Supervisor of the Donna ISD Communications Department also  participated in the "illegal" integrity checks.

4.20    Daniel Walden and his department performed the background/driving records check  for the "illegal" integrity checks.

4.21    Daniel Walden, a Supervisor, was not terminated for participating in the "illegal" integrity checks.

4.22    Chief Padilla was the only "supervisor" terminated for alleged "illegal" integrity checks.

4.23    Daniel Walden previously served as Interim Chief of Police for Donna ISD.

4.24    During his stint as Interim Chief, allegations of Donna ISD teachers sleeping with students first came to light.

4.25    Donna ISD (for unknown reasons) suspended Interim Chief Walden without pay during the teacher/student sex scandal.

## Section 5

### Causes of Action

5.02    **Age Discrimination in Employment Act.**  Plaintiff asserts that Defendant violated the ADEA in that his termination was motivated by unlawful age discrimination. But for Chief Padilla's age, he would not have been terminated by Donna ISD.  Daniel Walden is  younger than Chief Padilla.

5.01    **Title VII (Race/National Origin Discrimination).**    Pleading in the alternative, Plaintiff asserts that Defendant violated Title VII in that his termination was

Electronically Submitted
10/23/2018 8:22 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6229-D

motivated by unlawful race and national origin discrimination. Chief Padilla, who is Mexican-American, was terminated and replaced by Daniel Walden, who is white.

## Section 6

### Damages

6.01    As a result of acts and/or omissions as set forth above, Plaintiff sustained the following damages, including but not limited to:

    (a)    Back Pay;

    (b)    Interest on back pay;

    (c)    Compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

    (d)    Punitive damages;

    (e)    Front Pay;

    (f)    Interest on Front Pay;

    (g)    Pre-judgment interest;

    (h)    Post- judgment interest;

    (i)    Cost of court/suit;

    (j)    Reasonable expert fees; and

    (k)    Attorney's fees.

## Section 7

### Jury Trial

7.01    Concurrent with the filing of his Original Petition, Plaintiff previously applied for trial by jury and tendered the jury fee of $40.00 required by TEX. R. CIV. P. 216.

Electronically Submitted
10/23/2018 8:22 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6229-D

## Section 8

### Exhibits

**EXHIBIT A**    Perfected Charge of Discrimination dated March ;

**EXHIBIT B**    Dismissal and Notice of Rights; and

**EXHIBIT C**    Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant.

## Section 9

### Prayer

**9.01 WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant, **DONNA I.S.D.,** be cited to appear and answer in this cause, and that upon final trial hereof, Plaintiff recovers judgment against Defendant for his actual damages in amounts within the jurisdictional limits of this Court, for all damages respectively sustained by him as set forth above together with pre-judgment interest thereon at the maximum legal or equitable rate; for post-judgment interest on the amount of the judgment at the maximum rate allowed by law; for recovery of costs of court; and for such other and further relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203

_____*/s/ Mauro F. Ruiz*_____
Mauro F. Ruiz
State Bar No. 24007960
e-File ONLY: admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**

Case 7:18-cv-00378   Document 1-2   Filed in TXSD on 11/30/18   Page 7 of 24

CL-18-6229-D

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2018-01686 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Roy Padilla | | 1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4219 N. Victoria Road, Donna, TX 78537 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DONNA ISD | 500 or More | (956) 464-1173 |

| Street Address | City, State and ZIP Code |
|---|---|
| 115 N. 11th St.,  Donna, TX 78537 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PLAINTIFF'S EXHIBIT A | | |

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 05-10-2017    Latest 06-22-2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed with the above employer in December 2014. During my employment I was suspended in May 2017 and I was terminated in June 2017. I was terminated based on an internal audit which indicated that I conducted "illegal integrity" checks on employees which I have the authority to do and I was accused of implementing an "illegal" first offender program on school students, which was approved by the board in 2013. My comparator Mr. Walden, who at the time was the supervisor of the communications department, participated in integrity checks and his department performed the background/driving records for integrity checks and he was not terminated. Mr. Walden is now the Chief of Police for Donna I.S.D., he is younger than me.

I believe that I was discriminated against because of my national origin (Hispanic) and my age (56 yo.) in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII)  and Age Discrimination in Employment Act of 1967, as amended.  (ADEA)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>March 14, 2018 |
| 3-14-18<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

HEATHER L MITCHELL
Notary ID # 126729824
My Commission Expires
November 19, 2020

CL-18-6229-D

**Heather Mitchell**

| From: | Heather Mitchell |
|-------|------------------|
| Sent: | Wednesday, March 14, 2018 11:16 AM |
| To: | 'ROY.ROSCOE@EEOC.GOV' |
| Cc: | 'Mauro Ruiz'; Tammy Belez |
| Subject: | Padilla, Roy v. Donna ISD |
| Attachments: | Charge of Discrimination.pdf |

Attached please find the *executed Charge of Discrimination* regarding the above matter.

*Heather L. Mitchell*
Legal Secretary
RUIZ LAW FIRM, P.L.L.C.
118 West Pecan Blvd.
McAllen, Texas 78501
Tel:  (956) 259-8200
Fax:  (956) 259-8203

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.A 2510 et seq., and is legally privileged. The information contained in this e-mail is intended only for use by the individual or entity to which it is addressed and intended--not necessarily to whom it was sent. This electronic mail message contains information from the Ruiz Law Firm, P.L.L.C. and may be privileged, confidential, and prohibited from disclosure under applicable law. To the extent that anything contained herein is privileged, you are notified that the Ruiz Law Firm, P.L.L.C. has disclosed such inadvertently and should not be construed to be a voluntary disclosure. You are hereby notified that any disclosure, dissemination, distribution or copying of this communication is strictly prohibited. Unless expressly stated to the contrary in this e-mail, nothing in this message should be construed as a digital or electronic signature. If you have received this information in error, please contact one of our attorneys immediately by telephone at (956) 259-8200 and fully delete this message from your computer system and destroy any hard copies.

CL-18-6229-D

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Roy Padilla | From: San Antonio Field Office |
|---|---|
| 4219 N. Victoria Road | 5410 Fredericksburg Rd, Ste. 200 |
| Donna, TX 78537 | San Antonio, TX 78229 |



EXHIBIT
6

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2018-01686 | Roy Roscoe,<br>EEOC, Federal Senior Investigator | (210) 281-7688 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Travis G. Hicks,
Director

7/25/2018
(Date Mailed)

cc:   DONNA ISD
Dr. Maria Filomena Leo (Interim Superintendent)
115 N. 11th St.
Donna, TX 78537

Mauro F. Ruiz
RUIZ LAW FIRM
118 W. Pecan Blvd.
Mcallen, TX 78501

Law Office of Guerra & Farah PLLC.
Alyssa Romero (Attorney)
704 Paredes Line Rd. St. D-2
Brownsville, TX 78521

Enclosure with EEOC
Form 161 (11-16)

**CL-18-6229-D**

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within
90 days of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed within **90 days** of the date this Notice was *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

CL-18-6229-D

CL-18-6229-D

| | | |
|---|---|---|
| ROY PADILLA | § | IN THE COUNTY COURTS AT LAW |
| | § | |
| v. | § | OF HIDALGO COUNTY |
| | § | |
| DONNA I.S.D. | § | |

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS (INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS & REQUESTS FOR DISCLOSURE) TO DEFENDANT

**TO:**  **DONNA I.S.D.**, Defendant in the above-styled:

Pursuant to the Texas Rules of Civil Procedure, Plaintiff serves these Interrogatories, Requests for Production, Requests for Admissions and Requests for Disclosures upon you. The answers to interrogatories shall be made under oath, separately and fully in writing and the responses request for production shall be made, within fifty (50) days after the service of such interrogatories, requests for production, requests for admissions and requests for disclosures shall be served on the undersigned counsel of record. Plaintiff also requests that Defendant continue to supplement its responses to these discovery requests as per the Texas Rules of Civil Procedure.

EACH OF THE FOLLOWING INTERROGATORIES AND REQUEST FOR PRODUCTION SHALL INCORPORATE THE FOLLOWING DEFINITIONS:

**DEFINITIONS:** These definitions shall have the following meanings, unless the context requires otherwise:

1.  "Plaintiff," or "Roy Padilla" means Roy Padilla, his agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.  "Defendant," "Donna I.S.D.", means Donna I.S.D., it's agents, representatives, and all other persons acting in concert with it, or under it's control, whether directly or indirectly, including any attorney.

3.  "You" or "your" means Defendant, Donna I.S.D.

4.  "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars,

PLAINTIFF'S EXHIBIT

CL-18-6229-D

pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets, including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained and any and all writings or recordings of any type or nature), in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5. "File" means any collection or group of documents maintained, held, sorted, or used together, including, without limitation, all collections of documents maintained, held or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7. "Date" means the exact date, month, and year, if ascertainable, or if not, the best available approximation.

8. "Describe" or "identify," when referring to a person, means you must state the following:

   a. The full name.
   b. The present or last known residential address; & the present or last known office address and telephone numbers.
   c. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
   d. In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

9. "Describe" or "identify," when referring to a document, means you must state the following:

   a. The nature (e.g., letter, handwritten note) of the document.

   b. The title or heading that appears on the document.

   c. The date of the document and the date of each addendum, supplement, or other addition or change.

   d. The identity of the author and of the singer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

   e. The present location of the document, and the name, address, position

CL-18-6229-D

or title, and telephone number of the person or persons having custody of the document.

10.   The word "and" means "and/or."

11.   The word "or" means "or/and."

12.   The word "any" means "any and all."

13.   "Event" or "incident", unless otherwise indicated, means the event or incident made the basis of this lawsuit.

14.   "Time of incident" or "date of incident " or "incident date" means the date and time of the incident made the basis of this lawsuit, on or about June 22, 2017.

15.   "Including" means including but not limited to.

16.   "Possession" means possession, custody, or control, and includes not only actual physical possession, but also constructive possession as defined by the Texas Rules of Civil Procedure.

17.   "Subject Incident" refers to the incident which occurred June 22, 2017.

18.   "Relevant time period" refers from 2010 - to present.

Respectfully submitted,

_____ /s/ Mauro F. Ruiz_____
**Mauro F. Ruiz**
State Bar No. 24007960
Federal ID. 23774
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203
e-File ONLY: admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203

---

CL-18-6229-D

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:
Produce the complete personnel files, including performance evaluations, disciplinary actions and payroll of the following persons:

> Roy Padilla;
> Javier Villanueva;
> Fernando Castillo;
> Daniel Weldon; and
> All persons involved in the decision to terminate Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:
Produce all correspondence between you and the EEOC relating to charge of discrimination filed by Plaintiff against you.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:
Produce all documents you relied on to justify any reprimand of Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4:
Produce Donna ISD's first offender program from adoption of the policy to present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5:
Produce all documents you relied on to justify the termination of Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:
Produce the audit concerning "illegal integrity" checks which prompted Plaintiff's termination.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:
All written statements made by the Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.
RESPONSE:

CL-18-6229-D

REQUEST FOR PRODUCTION NO. 8:
All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:
All documents signed by Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:
All documents used to impeach Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:
Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff by the Defendant, or anyone acting on Defendant's behalf, including complete and legible transcripts.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:
All claims, lawsuits, or requests to arbitrate filed by former employees of Defendant who alleged Defendant engaged in discrimination.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13:
Produce documents supporting any and all disciplinary measures taken by Donna ISD against Daniel Walden during the entire time he's been employed by Donna ISD.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14:
Employee manuals reflecting policies, practices and protocols in effect during 2017.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15:
Produce your EEO policy manual in effect on June 22, 2017.

CL-18-6229-D

RESPONSE:

REQUEST FOR PRODUCTION NO. 16:
Produce personnel files of all those individuals identified in Interrogatory No. 12.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:
Manuals identified by you in response to Interrogatory No. 5.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18:
Manuals identified by you in response to Interrogatory No. 6.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19:
Produce the personnel files of those identified in Interrogatory No. 12.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:
Produce the personnel files of those identified in Interrogatory No. 13.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:
Produce the personnel files of those identified in Interrogatory No. 14.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22:
Produce the personnel files of those identified in Interrogatory No. 15.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:
Produce investigation into the teacher/student sex scandal during which time Donna ISD
took disciplinary measures against Daniel Walden, including but not limited to suspension

RESPONSE:

### END OF REQUESTS FOR PRODUCTION

CL-18-6229-D

## INTERROGATORIES

### INTERROGATORY NO. 1:
Identify all persons who assisted in answering the following interrogatories.

### ANSWER:

### INTERROGATORY NO. 2:
For each individual involved in the decision to terminate Plaintiff, please provide the following:

      a.     Name;
      b.     Title/Position;
      c.     Work Address;
      d.     Date of Birth/Age;
      e.     Race;
      f.     national origin; and
      f.     Ethnicity.

### ANSWER:

### INTERROGATORY NO. 3:
Explain the reason(s) Plaintiff was terminated.

### ANSWER:

### INTERROGATORY NO. 4:
Please state with reference to each job which the Plaintiff held while employed by the Defendant:

      a.     The title and a description of each job;
      b.     The dates worked;
      c.     The monthly salary for each job;
      d.     Yearly bonuses for each year;
      e.     A description of the fringe benefits received for each job;
      f.     Each supervisor's name, address, and title;
      g.     A description of the duties of each job;
      h.     A description of the requirements for each job; and
      i.     Location(s).

### ANSWER:

CL-18-6229-D

**INTERROGATORY NO. 5:**
Please identify the name of all manuals reflecting Defendant's employment practices used or maintained (during the relevant time period), including but not limited to manuals containing all employee hiring, discharge, lay-off, termination, promotion, job assignment, incentives, bonuses and pay scale policies.

**ANSWER:**

**INTERROGATORY NO. 6:**
For each reason articulated by Defendant in response to Interrogatory No. 3 justifying Plaintiff's termination, identify the policy violated by Plaintiff, providing the following information:

      a. Name of the manual(s);
      b. Chapter Title(s);
      c. Policy Name(s) and Section(s); and
      d. Page Number.

**ANSWER:**

**INTERROGATORY NO. 7:**
Identify the name, job title, job duties, age, last day of employment, salary on last day of employment, home address, and home telephone number of each former employee of Defendant who has filed an sex, age, race, national origin or disability discrimination lawsuit against Defendant during the relevant time period.

**ANSWER:**

**INTERROGATORY NO. 8:**
Please identify each individual responsible for setting employment policies and practices, including but not limited to termination policies, making termination decisions or processing termination applications and/or actions at any store owned or maintained by the Defendant, during the relevant time period, and for each such individual, please state:

      a.    Name and last known address;
      b.    The individual's sex, age and national origin;
      c.    The individual's job title and employment history with the defendant;
      d.    The dates of the individual's employment with the defendant; and
      e.    The individual's role in the hiring, promotion or termination process.

**ANSWER:**

**INTERROGATORY NO. 9:**
Explain your progressive discipline policy in effect on June 22, 2017.

**ANSWER:**

CL-18-6229-D

INTERROGATORY NO. 10:
If you had a progressive discipline policy in effect on June 22, 2018, explain why Plaintiff did not qualify for progressive discipline, allowing Plaintiff to keep his job.

ANSWER:

INTERROGATORY NO. 11:
During the relevant time period, provide the names, addresses, telephone numbers and age of each person who has been afforded progressive discipline for any reason.

ANSWER:

INTERROGATORY NO. 12:
Identify the names of employees who have been reprimanded for poor performance from 2010 to the present. (Provide date of births, race and national origin.)

ANSWER:

INTERROGATORY NO. 13:
Identify all employees over age forty (40) terminated by Donna ISD from 2013 to present.

ANSWER:

INTERROGATORY NO. 13:
Explain the reason(s) for each disciplinary measure taken by Donna ISD against Daniel Walden during his tenure with Donna ISD.

ANSWER:

END OF INTERROGATORIES

CL-18-6229-D

REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:
Admit Defendant was Plaintiff's employer from December 14, 2014 to June 22, 2017.

RESPONSE:

REQUEST FOR ADMISSION NO. 2:
Admit Plaintiff was a full-time employee during 2017.

RESPONSE:

REQUEST FOR ADMISSION NO. 3:
Admit Plaintiff timely filed his perfected charge of discrimination.

RESPONSE:

REQUEST FOR ADMISSION NO. 4:
Admit Plaintiff exhausted his administrative remedies.

RESPONSE:

REQUEST FOR ADMISSION NO. 5:
Admit the Hidalgo County Courts at Law have concurrent jurisdiction over this matter.

RESPONSE:

REQUEST FOR ADMISSION NO. 6:
Admit Plaintiff's termination occurred in Hidalgo County, Texas.

RESPONSE:

REQUEST FOR ADMISSION NO. 7:
Admit proper venue for this action lies in Hidalgo County, Texas

RESPONSE:

REQUEST FOR ADMISSION NO. 8:
Admit Plaintiff is over age 40.

RESPONSE:

CL-18-6229-D

REQUEST FOR ADMISSION NO. 9:
Admit Plaintiff was terminated on June 22, 2017.

RESPONSE:

REQUEST FOR ADMISSION NO. 10:
Admit Plaintiff was replaced by a younger individual.

RESPONSE:

REQUEST FOR ADMISSION NO. 11:
Admit Plaintiff was replaced by a Anglo individual.

RESPONSE:

REQUEST FOR ADMISSION NO. 12:
Admit Plaintiff, as Chief of Police for Donna ISD, had authority to run checks on employees.

RESPONSE:

REQUEST FOR ADMISSION NO. 13:
Admit the first offender program was implemented on or about 2013 and was approved by the Donna ISD board.

RESPONSE:

REQUEST FOR ADMISSION NO. 14:
Admit Daniel Walden was involved in the alleged "illegal integrity" checks which led to Plaintiff's termination.

RESPONSE:

REQUEST FOR ADMISSION NO. 15:
Admit Daniel Walden replaced Plaintiff as Police Chief for Donna ISD.

RESPONSE:

REQUEST FOR ADMISSION NO. 16:
Admit Daniel Walden was 6 years younger than Plaintiff when he replaced Plaintiff as Police Chief for Donna ISD.

RESPONSE:

CL-18-6229-D

### REQUEST FOR ADMISSION NO. 17:
Admit Daniel Walden was between 6 to 7 years younger than Plaintiff when he replaced Plaintiff as Police Chief for Donna ISD.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 18:
Admit Daniel Walden was 7 years younger than Plaintiff when he replaced Plaintiff as Police Chief for Donna ISD.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 19:
Admit Daniel Walden was suspended by Donna ISD during the teacher/student sex scandal.

### RESPONSE:

### END OF REQUESTS FOR ADMISSIONS

CL-18-6229-D

REQUESTS FOR DISCLOSURES

Plaintiff requests that Defendant respond to Tex. Rule of Civ. Proc. 194.2 (a) - (l) by no later than fifty (50) days after being served.